LEWIS FIELD vs. AGUR T. MORSE AND WILLIAM HARROD.

An order of court quashing a forthcoming bond after the return term, is wholly
void, and does not affect the rights of the parties.
F. obtained a judgment against M. & H.    M. gave a forthcoming bond in which
H. did not join, and which, after the return term had passed, was quashed upon
motion of Field—Held, that an execution afterwards against H. upon the origi-
nal judgment, was properly quashed.

IN error from the Lowndes circuit court.
The opinion of the court states the facts.

*Howard,* for plaintiff in error.
In this case, the first forthcoming bond was quashed after the
return term.    Another execution issued on the original judg-
ment, and a second forthcoming bond given, upon which an
execution issued; which last execution and bond were quashed
upon the ground that the judgment quashing the first bond was
void, &c.   This last decision is the error assigned.   It is too
plain for argument, that the first judgment was not void, but
merely irregular, and could only be corrected by an appeal or
writ of error.   It has been repeatedly decided by this court,
that the proper remedy for the correction of any errors in the
forthcoming bond, was by motion in the circuit court.   It is
then unquestionable, that the court below had jurisdiction over
the subject matter.   The exercise of this jurisdiction, after the
return term of the bond, was a mere irregularity.   The judg-
ment of the court was binding until reversed by due course of
law.   1 Howard, 450.   1 Peters' Rep. 340.   6 Am. Com. Law
Rep. 282.
The judgment on the second forthcoming bond was in full
force so long as the decision of the court quashing the first bond
remained unreversed.

*R. Evans,* for Harrod.
By the forfeiture of the forthcoming bond given by Morse and
Baldwin, the original judgment was satisfied and extinguished.

At the return term of the forthcoming bond, it was treated by plaintiff, Field, as a valid forthcoming bond. He sued out an execution on it, and thereby recognized it as a judgment of the court. The original judgment being satisfied and extinguished, Harrod was discharged. He was out of court, beyond its jurisdiction. He could not be brought back within its jurisdiction by the mere *ex parte* motion of Field. The motion of Field to quash his own forthcoming bond, which he had accepted in the stead of the original judgment, was a fraud on the court and on Harrod. He used the forthcoming bond against Morse and Baldwin, until he reduced them to insolvency, and then upon an *ex parte* application, has the forthcoming bond quashed for the purpose of getting back to Harrod.

A motion to quash cannot be maintained by the circuit court after the return term of the bond. 1 How. 450. If a plaintiff move the court to quash his forthcoming bond after the return term has passed, the judgment of the court is a nullity for the want of jurisdiction; the quashal entered on the motion, and at the instance of the plaintiff, is a release of the whole matter. The quashing of a bond after the return term, or the motion of the plaintiff after he has issued an execution on it, ought always to be regarded as a release of the judgment as to all the parties. Especially when his object is to get back to a party to the original judgment. Fraud is always at the bottom of such motions.

The forthcoming bond given by Harrod and Flowers was quashed, because the bond signed by Morse and Baldwin had been taken and forfeited; whereby the original judgment was satisfied, and Harrod discharged. The judgment of the court quashing the bond by Harrod and Flowers, is an adjudication of the same point contained in the last motion to quash the execution.

Mr. Justice CLAYTON delivered the opinion of the court.

In this case, Lewis Field obtained a judgment against Morse and Harrod, in the circuit court of Lowndes county. An execution issued, and Morse gave a forthcoming bond, with one

Baldwin as surety, in which Harrod did not join. At the term of the court, next after that to which it was returned forfeited, the bond was quashed upon motion of the plaintiff. Another execution was then issued on the original judgment, which was levied on the property of Harrod, who gave a forthcoming bond, which was quashed at the return term thereof, upon his motion. A *pluries* execution was then issued upon the original judgment, which Harrod moved to have quashed, on the ground that the original judgment had been satisfied and extinguished by the forfeiture of the first bond. This motion was sustained by the court, from which judgment the plaintiff, Field, prosecuted this writ of error.

On this state of facts, the first inquiry is, whether the order of the court, quashing the first forthcoming bond after the return term, was voidable or wholly void? If only voidable, then the parties having acquiesced in the order, and taken no steps to reverse it, are bound by it, and the execution afterwards issued was valid. But if void, nothing which has subsequently transpired has made it good, and the execution was not valid. By the decisions of this court heretofore made, the parties have a day in court, at the term next after the forfeiture of the bond, to appear and contest it, if they have objections to it. *Wanzer* v. *Barker*, 4 How. 363. But if that term passes without any action on the subject, the judgment on the bond, which was previously *inchoate*, becomes absolute, and no farther day is given. It is then no longer a mere bond, but a judgment on which execution may issue. If, at a subsequent term, the court undertakes to quash the bond, it attempts something more—to set aside or quash a judgment. After the term at which judgment is rendered, the power of the court over it is at an end—the same tribunal cannot reverse, or set it aside. 1 Robinson's Prac. 638. A judgment without notice is void. A judgment cannot be reversed in an appellate court upon writ of error, without notice; an appeal taken at the time of judgment in open court, operates as notice. A judgment cannot be amended without notice. The order, therefore, in this case, to quash the judgment upon the bond, made without notice, at a term sub-

Field *v*. Morse & Harrod.

sequent to the return term, is void for want of jurisdiction in the court. Its power over it had ceased, as entirely as its power to set aside the original judgment. The order *is void*, not merely voidable, and does not affect the rights of the parties.

If this view be correct, it follows that the judgment upon the first forfeited bond is still in force, and that the issuing of the subsequent execution upon the original judgment against Harrod, was erroneous, and the judgment of the court in quashing them, right and proper.

*The judgment must therefore be affirmed.*